JOHN STUART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97506. Promulgated December 10, 1943.

*Herbert Pope, Esq.*, and *Benjamin M. Price, Esq.*, for the petitioner.

*F. R. Shearer, Esq.*, and *John D. Kiley, Esq.*, for the respondent.

1104

1108

## OPINION.

HARRON, *Judge*: In the findings of fact new findings have been made in part because a further hearing was held in this proceeding after remand from the Circuit Court of Appeals for the Seventh Circuit. At the further hearing, a supplemental stipulation of facts was introduced in evidence, together with additional testimony. The findings of fact as now made incorporate substantially the facts as originally found, together with additional facts.

Originally, this case was heard with a companion case, *R. Douglas Stuart*, Docket No. 97501. We held in both proceedings that petitioners were taxable under section 166 (2) of the Revenue Act of 1934,[1] on the entire net income of trusts which they had created for the benefit of their children because of our conclusion that under paragraph "Ninth" of the trusts, the trustees had the power to revest the title to the corpora of the trusts in the grantors. The proceeding of this petitioner, John Stuart, and the proceeding of his brother, R. Douglas Stuart, were reviewed together by the Supreme Court, *Helvering* v. *Stuart*, 317 U. S. 154. The Court there held that the income from the R. Douglas Stuart trusts was taxable to the grantor under sections 167 (a) (1) and (2) of the Revenue Act of 1934,[2] since the beneficiaries of the trusts were the grantor's minor children to whom he owed a parental obligation of support. Respondent has not raised that question in this proceeding, since the beneficiaries of the trusts created by petitioner were of age during the taxable years.

The Supreme Court sustained the conclusion of the Circuit Court of Appeals for the Seventh Circuit that under Illinois law, which

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

 \* \* \* \* \* \* \*

 (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

[2] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

 (a) Where any part of the income of a trust—

 (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor ; or

 (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor ; \* \* \*

 \* \* \* \* \* \* \*

then such part of the income of the trust shall be included in computing the net income of the grantor.

controlled the question, the trustees of the trusts created by petitioner, as well as the trustees of the trusts created by R. Douglas Stuart, could not revest the trust corpora in the grantor under section 166, nor could they accumulate the income for, or distribute it to, the grantor directly so as to come within the provisions of section 167. The Supreme Court pointed out, however, that the income of the trusts created by petitioner might be taxable to petitioner under section 22 (a) as that section affects section 167 if petitioner had obtained any economic gain for the taxable years through a control of the trusts so complete that it must be said that he was the owner of its income. In this connection, the Court cited *Helvering* v. *Clifford,* 309 U. S. 331. The Court further pointed out in its opinion that when we first considered this case it was not necessary for us to reach a conclusion under section 22 (a) or to consider the interplay of section 22 (a) on section 167, but that such should now be done. The Circuit Court of Appeals for the Seventh Circuit had previously held that petitioner was not taxable on the trust income under section 22 (a), but the Supreme Court was of the opinion that a proper determination of this question could not be reached in the absence of certain findings of fact. In the original proceeding in this Court and on review in the Circuit Court of Appeals and in the Supreme Court, there was no evidence on the question as to whether petitioner had retained economic benefits in the trusts or could realize economic gain through the possibility of controlling the Quaker Oats Co. through the control of the stock of that company in the trusts. This was particularly important since paragraph "Eighth" of the trust indenture permitted the grantor to recapture the Quaker Oats stock from the trusts upon substitution of securities having an equal value. The Supreme Court, therefore, remanded the proceeding to the Circuit Court for remand to this Court to reach a conclusion on the question of the possibility of such an "economic gain." At the further hearing evidence was introduced on the question of stock ownership and control of the Quaker Oats Co., and additional findings of fact have been made. (Cf. *Helvering* v. *Stuart, supra,* p. 148, where the Court stated that "the triers of fact have made no findings upon this point.")

In determining the broad question as to whether petitioner realized or could realize economic gain from a control of the trusts, we have considered section 22 (a) as it affects section 167. Since, however, the Supreme Court has held that the income of the trusts created by petitioner is not taxable to him under the provisions of section 167, the question has been narrowed to the applicability of section 22 (a) as that section has been construed by the *Clifford* case, *supra.* Respondent's brief is devoted entirely to this question. He contends that petitioner retained or could realize rights and benefits from the assets

of the trusts so as to make him in reality the owner of the property in each trust within the doctrine of the *Clifford* case.

Respondent's argument thàt petitioner retained rights and benefits sufficient to constitute him the owner of the corpora of the trusts and so to charge him with the taxable income from the trusts, is predicated upon paragraphs "Eighth" and "Ninth" of the trust indentures. Under paragraph "Eighth" petitioner specifically reserved to himself the right to sell the whole or any part of the trust corpus and to direct the reinvestment of the proceeds, and to withdraw and take over to himself the whole or any part of the trust corpus upon substitution of other securities of a like value which would be satisfactory to the trustees. Paragraph "Ninth" gives petitioner's wife and brother, as cotrustees, the right to alter or amend the indentures, change beneficiaries or trustees, and other broad powers over the corpus and income of the trusts. Respondent argues that under the circumstances petitioner's wife and brother would be subservient to his wishes so that, in effect, petitioner would exercise the rights and powers given to the trustees under paragraph "Ninth" of the trust indentures.

Upon examination of the trust indentures in their entirety and the circumstances attendant upon their creation, we can not say that petitioner retained such complete control of the trusts as to make him the owner of the property or the income, or that he obtained any economic gain from the trusts.

The provisions of paragraph "Eighth" of the indentures were inserted by petitioner to enable him to diversify the securities held by the trusts. He believed that as president of the Quaker Oats Co., and being fully cognizant of its affairs, he would be in the best position to determine whether to sell those securities or to retain them. His primary consideration in reserving this power was to insure the financial security of his children. Under the circumstances, this provision is not unnatural and does not indicate such a retention of control by petitioner over the trusts as to make him taxable on the income therefrom. *George H. Whiteley,* 2 T. C. 618; *Lura H. Morgan,* 2 T. C 510; *Carleton H. Palmer,* 40 B. T. A. 1002; affd., 115 Fed. (2d) 368; *Commissioner* v. *Betts,* 123 Fed. (2d) 534.

The Supreme Court in *Helvering* v. *Stuart, supra,* in the absence of a specific finding suggested that "Control of the stocks of the company of which the grantors were executives may have determined the manner of creating the trusts." We assume from this that the Court had in mind the possibility that the stock in the trusts might be essential to the maintenance of a stock control of the Quaker Oats Co. by petitioner and his brother. If this were the situation, it would be apparent that petitioner would realize an economic gain from such a con-

trol of the trust corpus. However, the facts are otherwise. The corpus of the three trusts originally consisted of 2,100 shares of stock of the Quaker Oats Co., which were approximately three-tenths of one percent of the total stock of the corporation, which amounted to 702,000 shares. Petitioner and his immediate family, together with the three trusts, owned in 1934 only 5.4 percent of the stock of the company. In 1934 petitioner's brother, R. Douglas Stuart, and his immediate family, together with the four trusts for the children of R. Douglas Stuart, owned only 4.8 percent of the stock of the company. At the annual stockholders' meeting in 1930, the year in which the trusts were created, 83.98 percent of the stock was represented, and at the annual meetings for the years 1931 to 1935, inclusive, the stock representation at each meeting was in excess of 70 percent of the total stock. It can not be held, therefore, that petitioner through control of the trust corpus retained any stock control of the Quaker Oats Co.

Under paragraph "Ninth" of the indenture, petitioner himself, either individually or as trustee, did not have the right to change the beneficiaries, the trustees, or the time when the corpus or the income was to be distributed. That power was given specifically by petitioner to the other two trustees. The fact that the other trustees were his wife and his brother is not significant under the circumstances. It is natural that the grantor of a trust will appoint as fiduciaries persons upon whose ability and integrity he may rely. This is particularly true in this case because the wife and brother best knew the needs of the children and the purposes of the trusts. It would have been an abuse of their discretionary powers under the trust indentures if they allowed petitioner to impose his will upon them. In the absence of evidence, it would be unjustifiable to impute such an abuse to them. *Robert S. Bradley*, 1 T. C. 566, 574.

The evidence is uncontroverted that the trusts were created for the purpose of giving a measure of independence to petitioner's children. One of his daughters had just been married and the other daughter was about to be married. Petitioner believed that the income of his sons-in-law was not sufficient to allow his daughters to live without some hardship. The trust for the son was created so that all the children would be treated in the same manner. Petitioner's reason for making the gifts in trust was to afford the maximum of financial security to his children. His son had never been in business, and he had no knowledge of the business acumen of his daughters' husbands.

Under the terms of the trusts, the trustees were to pay to the beneficiary of each trust for the first fifteen years so much of the net income as in their discretion they should deem advisable and they were directed to add any undistributed income to the principal of the trust.

After fifteen years the trustees were to pay the entire net income from each trust to the beneficiary for life. Upon the death of the beneficiary, the trustees were to pay the principal of the trust to the beneficiary's issue then living, or if there were no such issue, then to the issue of the petitioner then living, or if there were no such issue then living, then in equal shares to Princeton University and the University of Chicago.

The Supreme Court in *Helvering* v. *Stuart, supra,* has held that under these trust indentures, neither the corpora of the trusts nor the income therefrom could revest in or be distributed to petitioner. Thus, in this respect, there was no possibility of economic gain either realized or realizable to petitioner. The securities of the trusts were registered in the names of the trustees and they alone had the right to vote the stock. In addition, the trustees were given broad powers of management which point to complete divestment of control of the trusts by petitioner. *Helvering* v. *Stuart, supra.*

The trusts here are entirely distinguishable from the one involved in the *Clifford* case, *supra.* There, the trust was for a short term; here, it is for a long term. There, the grantor was the sole trustee and had absolute discretion to pay over to his wife the whole or part of the net income therefrom; here, the grantor was one of three trustees, and he had given over to the other two trustees the exclusive right to change the provisions of the indentures. There, the corpus of the trust was to revert to the grantor on its termination; here, petitioner could never receive the economic enjoyment of either the corpus or its income. There, the trust was for the benefit of the wife living in the same household with the grantor; here, the trusts were for adult children, two of whom had established separate residences from petitioner. A similar distinction was made in *Commissioner* v. *Branch,* 114 Fed. (2d) 985, wherein the Circuit Court of Appeals for the First Circuit stated:

*Helvering* v. *Clifford* rests on its particular facts, as the court was careful to say * * *. Where the grantor has stripped himself of all command over the income for an indefinite period, and in all probability, under the terms of the trust instrument, will never regain beneficial ownership of the corpus, there seems to be no statutory basis for treating the income as that of the grantor under Section 22 (a) merely because he has made himself trustee with broad power in that capacity to manage the trust estate. * * *

This statement of the law has been quoted with approval by the Circuit Court of Appeals for the Seventh Circuit in *Commissioner* v. *Betts, supra.* See also, *Jones* v. *Norris,* 122 Fed. (2d) 6; *Commissioner* v. *Armour,* 125 Fed. (2d) 467; *Commissioner* v. *Bateman,* 127 Fed. (2d) 266; *Suhr* v. *Commissioner,* 126 Fed. (2d) 283; *George H. Whiteley, supra.*

Accordingly, it is held that petitioner is not taxable on the net income from the trusts for the taxable years under section 22 (a) of the Revenue Act of 1934, as that section affects section 167.

*Decision will be entered under Rule 50.*