GEORGE F. BOOTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111206, 112149. Promulgated April 14, 1944.

*Phillips Ketchum, Esq.,* and *Robert S. Bowditch, Esq.,* for the petitioner.

*James T. Haslam, Esq.,* for the respondent.

608

OPINION.

OPPER, *Judge*: Respondent's view of the facts as set forth in his brief "may be summarized as follows: Petitioner  *  *  *  did not propose to continue premium payments, but his wife, not wishing to lose the benefit of past premium benefits  *  *  *  proposed to pay the premiums with income from the securities set aside for her. That proposal had his approval."

This statement of the operative facts seems to us on its face to distinguish the present proceeding from *Henry A. B. Dunning*, 36 B. T. A. 1222. The trust income in that case was held taxable to the husband grantor on evidence that he "suggested" its use for the payment of insurance premiums. In the view respondent himself takes of the present facts, the suggestion, as well as the decision, was made by petitioner's wife. It was her income, as beneficiary of the trust already established for her by petitioner, that was involved in the decision. See *Frederick K. Barbour*, 39 B. T. A. 910; reversed on other grounds (C. C. A., 2d Cir.), 122 Fed. (2d) 165; certiorari denied, 314 U. S. 691. That she should be the one to make the choice as to its disposition is thus neither surprising nor at odds with the assumption that the income was hers and not his. Cf. *W. C. Cartinhour*, 3 T. C. 482.

The most that can be said is that the wife's course of action met with petitioner's approval. The evidence makes it clear that petitioner would have been equally satisfied with the opposite course. That is far from establishing the "control" which the *Dunning* case found to exist by reason of the acquiescence of the wife in the suggestion of the husband. There are many cases where a wife similarly situated has voluntarily defrayed some part of the family expenses. E. g., *Ralph L. Gray*, 38 B. T. A. 584; *Edward D. Graff*, 40 B. T. A. 920, 922; affd. (C. C. A., 7th Cir.), 117 Fed. (2d) 247. It is difficult to believe that this could have been done without the consent and approval of the husband. Yet in none of them, so far as can be discovered, has that voluntary and undirected conduct of the wife resulted in attributing trust income to the grantor husband, par-

ticularly where the income is as clearly the unqualified property of the wife as it is here.

Absent that "control," there is nothing to characterize this as a "*Clifford*" trust. The powers retained by petitioner as trustee were inconsiderable compared even with such cases as *Commissioner* v. *Branch* (C. C. A., 1st Cir.), 114 Fed. (2d) 985. His voice in the corporate affairs of the company by which he was employed was not materially increased by his influence as custodian of the trust's stock. Cf. *Helvering* v. *Stuart*, 317 U. S. 154, 169; *John Stuart*, 2 T. C. 1103; *Murphy Shannon Armstrong*, 1 T. C. 1008. And the indeterminate period of the trust suggests a release of the grantor's ownership which other aspects of control, not to be found here, are necessary to rebut. *Helvering* v. *Elias* (C. C. A., 2d Cir.), 122 Fed. (2d) 171; certiorari denied, 314 U. S. 692. We take the view that respondent's determination was in error.

*Decisions will be entered under Rule 50.*