HERBERT ABRAHAM AND DOROTHY ABRAHAM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1122.    Promulgated June 8, 1944.

*Milton J. Levitt, Esq.*, for the petitioners.
*Laurence F. Casey, Esq.*, for the respondent.

992

## OPINION.

DISNEY, *Judge*: In *Helvering* v. *Abraham*, 115 Fed. (2d) 368, we were reversed in holding, as to the year 1934, that the same petitioner here involved was not properly taxed upon the income of a certain trust, the stated term of which terminated on March 30, 1937. We have here the question as to whether, after such date, the trustor should be taxed upon the accumulations of income, administered by him as "guardian," as provided in the trust instrument. The present contention of respondent is that there was not a substantial surrender of control over the property by the grantor after March 30, 1937, and that the same answer should be reached here as by the court in the earlier case.

The parties differ on the legal capacity in which petitioner exercised his power over the property during the taxable years. There is no need to resolve the difference of opinion, for the decisive question is whether from the facts the control of petitioner was such that

he must be treated as the owner of the property or its income, under section 22 (a). *Helvering* v. *Clifford*, 309 U. S. 331; *Jones* v. *Norris*, 122 Fed. (2d) 6; *Frederick B. Rentschler*, 1 T. C. 814; *John Stuart*, 2 T. C. 1103; *Edward Mallinckrodt, Jr.*, 2 T. C. 1128; *Brown* v. *Commissioner*, 131 Fed. (2d) 640.

The effect of the court's decision in *Helvering* v. *Abraham, supra,* is that there was no gift of the accumulated income of the trust prior to the termination thereof on March 30, 1937. Two things were to occur at that time to carry out provisions of the trust deed. Petitioner, as grantor-trustee, was to receive the corpus, free of trust, and the accumulated income was to become the property of the surviving children in equal shares, but held by the trustee for administrative purposes "in the capacity of guardian" until they, respectively, became 21 years of age, when the share was to be distributed to the child without any strings attached to it. Promptly upon the termination of the trust, the trustee so separated the assets of the trust by conveying the corpus to himself, as grantor, and retaining, as a self-appointed guardian for the four surviving children, the income accumulated during the life of the trust, one-fourth for each child. Thereafter the property so transferred to the children was administered by petitioner independent of the corpus from which it was derived, and in 1939 and 1941, when George and Amy, respectively, reached their majority, their shares were delivered to them. Ownership of the assets by the children after such delivery at majority, free of any control by their father, is not being questioned by the respondent.

The trust deed contains no provision for transferring the share of any child to petitioner at any time after the termination of the trust. Contrary thereto, it provided that in the event of death of any child after the termination of the trust and before reaching the age of 21, his or her "unapplied accumulations" were to become a part of the deceased beneficiary's estate. Petitioner had no power after the termination of the trust to use income from the property being held as "guardian" for the maintenance of his children and used none of it for that purpose. The terms "unapplied accumulations" used in the third paragraph of article II of the trust indenture refers to each child's share of the income of the trust which had not been used for maintenance and support of the children during the life of the trust, plus net accretions thereafter. We do not agree with the respondent's contention that the use of the expression indicates power, after the five-year period, to apply to maintenance and support of the children.

The powers of petitioner as "guardian" were not identical with his authority as trustee of the trust, as contended by respondent. His

powers as "guardian" were limited to investment and reinvestment and such powers were not exercised during the taxable years, except in 1939, when accumulated cash was invested in additional shares of General Motors stock. The shares of stock of Proctor & Gamble were increased in May 1939 by a stock dividend and script purchase of additional stock rights with funds of petitioner, so that the holding of that stock was increased by two shares. Though the receipt given by George does not indicate that he received one-fourth thereof, the receipt given by Amy does so show, since she received one-half share in addition to the original 25 shares, while George's receipt indicates only 25 shares. Petitioner testified, however, that he did not withhold any of this stock dividend or script. This slight discrepancy, in the light of petitioner's testimony, does not establish, as respondent contends, that petitioner retained the one-half share of stock because he considered himself to be the owner of all of the accumulations until his children reached their respective majorities. Neither do we attach any great significance to the fact that petitioner advanced $300 to Robin in 1940 for the purpose of opening a bank account, and during his testimony spoke of himself as "trustee"—though he explained that the accumulated income was for the benefit of the children until majority and they took it over. The use of that word in the instrument, as to the period after the five years, is clearly "as guardian." Other acts of petitioner clearly demonstrate that he did not regard himself as the absolute owner of the property; rather that it belonged to his children in equal shares, subject only to his management for a specified comparatively short time with limited powers and without financial benefit to himself.

It is not material that petitioner did not maintain a separate bank account for the cash belonging to the children or divide the stock certificates until after the taxable years, as the share of each child was ascertainable at all times important. *United States Trust Co. of New York* v. *Commissioner*, 296 U. S. 481; *Justin Potter*, 47 B. T. A. 607.

It thus appears that petitioner, the natural guardian for his children, had no power over the accumulated income set apart for each child after the trust expired other than to invest and reinvest, and could not derive any economic benefit from such powers. Broad powers of management without any economic benefit do not bring a grantor within the provisions of section 22 (a). *Jones* v. *Norris, supra; Commissioner* v. *Branch*, 114 Fed. (2d) 985; *John Stuart*, 2 T. C. 1103; *W. C. Cartinhour*, 3 T. C. 482. We do not construe *Central National Bank of Cleveland* v. *Commissioner*, 141 Fed. (2d) 352, as being contrary to this rule. The court in that case merely stressed the power of the grantor of the trust of which the Bankers' Trust Co. of New York was trustee. It pointed out that the doctrine of the *Clifford* case requires consideration of every circumstance. There the beneficiary of the trust

involved in the proceeding, as to which the income was held to be that of the trustor, was an adult child of the grantor, with a domestic establishment of his own; not, as here, minor children incapable of transacting financial matters, a situation where direction of investments by the father and natural guardian is a minimum of indication of reservation of ownership in the grantor. In both the *Norris* and *Cartinhour* cases, *supra*, the father had power to direct investments for minor children.

The case of *Murphy Shannon Armstrong*, 1 T. C. 1008, is distinguishable. There the father retained very broad powers of control and had a right to use and used funds of the trust to pay law school expenses of one of the beneficiaries. The trustor provided for himself the power "to have and exercise all of the powers and privileges of an owner." Here the petitioner definitely provided that upon the termination of the original trust the accumulated income "shall belong to the said children."

It was error for the respondent to tax petitioners on the income of the property in question. Accordingly,

*Decision will be entered under Rule 50.*